JOHN B. THORSNESS
Clapp, Peterson, Tiemessen,
Thorsness & Johnson, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3442
(907) 272-9273 (phone)
(907) 272-9586 (fax)
usdc-anch-ntc@cplawak.com

*Counsel for Plaintiffs and the Proposed Class*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **Tracy Crockett, Kathryn McCollum**, and **David Nees**, on behalf of themselves and all others similarly situated; **Carol Carman**, on behalf of herself and all others similarly situated; **Dolores McKee** and **Donn Liston**, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>**NEA-Alaska**; **Matanuska-Susitna Education Association**, as representative of the class of all chapters and affiliates of NEA-Alaska; **National Education Association**; **Mantanuska-Susitna Borough School District**, as representative of the class of all school districts in the state of Alaska; **Jean M. Ward**, **Lee Holen**, **Tyler E. Andrews**, **Mila Cosgrove**, **Matthew McSorley**, and **Lon Needles**, in their official capacities as chair and board members of the Alaska Labor Relations Agency,<br><br>     Defendants. | Case No. _____<br><br><br><br><br><br><br><br><br><br>**Plaintiffs' Class-Action Complaint** |

Tracy Crockett, Kathryn McCollum, David Nees, Carol Carman, Dolores McKee, and Donn Liston are current or former public-school teachers who bring this class action on behalf of themselves and all others similarly situated, seeking redress for the defendants' past and ongoing violations of their constitutionally protected rights. The defendants have violated the class members' rights by forcing non-union members to pay compulsory "agency fees" to NEA-Alaska and its affiliates (or to a union-approved charity) as a condition of their employment, and by forcing non-union members to accept the union as their exclusive bargaining representative.

The plaintiffs sue on behalf of four separate classes. The first class consists of "agency-fee payers." These are employees who refused to join NEA-Alaska or its affiliates but were nonetheless compelled to pay "agency fees" to the union as a condition of their employment. *See* Alaska Stat. § 23.40.110(b)(1)–(2) (allowing public employers to establish "union shop" or "agency shop" arrangements) (attached as Exhibit 1); Collective Bargaining Agreement Between the Matanuska-Susitna Education Association and the Matanuska-Susitna Borough School District, article XI, §§ 2–3 (compelling all teachers in the Matanuska-Susitna Borough School District to pay either union dues or "agency fees") (attached as Exhibit 2). Ms. Crockett, Ms. McCollum, and Mr. Nees were "agency-fee payers" who refused to join NEA-Alaska but were nonetheless compelled to remit money to this union. Ms. Crockett, Ms. McCollum, and Mr. Nees sue as class representatives for all current and former agency-fee payers to NEA-Alaska or its affiliates.

The second class consists of "religious objectors." These are employees who objected to paying money to NEA-Alaska on religious grounds, and were therefore allowed to have their mandatory "agency fees" redirected to a nonreligious charity of the union's choice rather than the union itself. *See* Alaska Stat. § 23.40.225 (requiring collective-bargaining agreements to accommodate religious objectors in this fashion) (attached as Exhibit 1). Ms. Carman was a "religious objector" whose "agency fees"

had been diverted to a third-party charity, and she sues as class representative for all such current and former religious objectors.

The third class consists of union members who would have quit the union had they not been compelled to work in an unconstitutional agency shop. Ms. McKee and Mr. Liston, for example, chose to remain members of NEA-Alaska, even though they opposed the union's collective-bargaining activities and its political and ideological advocacy, because resigning their membership would have saved very little money and would not have been worth the cost of losing their vote and whatever little influence they might have had in collective-bargaining matters. Ms. McKee and Mr. Liston seek classwide relief on behalf of all NEA-Alaska members who retained their membership only because they would have been forced to pay "agency fees" had they quit, and they seek compensatory damages for each class member in an amount equal to the "agency fees" that they were forced to pay regardless of whether they retained or resigned their union membership.

The final class consists of non-union teachers who wish to negotiate their own terms of employment without regard to the union-negotiated collective-bargaining agreements. Just as a teacher cannot be forced to join or financially support a union as a condition of employment, neither can a teacher be bound to the terms of employment negotiated by a union that she refuses to join or support. Ms. McCollum sues on behalf of the members of this class, and she seeks to enjoin school districts and NEA-Alaska's affiliates from entering into and enforcing collective-bargaining agreements that forbid non-union teachers to negotiate their own terms of employment with a school district.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

2.   Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

3.   Plaintiff Tracy Crockett resides in Matanuska-Susitna Borough, Alaska.

4.   Plaintiff Kathryn McCollum resides in Matanuska-Susitna Borough, Alaska.

5.   Plaintiff David Nees resides in Anchorage, Alaska.

6.   Plaintiff Carol Carman resides in Matanuska-Susitna Borough, Alaska.

7.   Plaintiff Dolores McKee resides in Matanuska-Susitna Borough, Alaska.

8.   Plaintiff Donn Liston resides in Eagle River, Alaska.

9.   Defendant NEA-Alaska is a labor union whose offices are located at 4100 Spenard Road Anchorage, AK 99517.

10.   Defendant Matanuska-Susitna Education Association is a local union chapter affiliated with NEA-Alaska. Its offices are located at 6177 East Mountain Heather Road, Suite 5, Palmer, Alaska 99645. It is sued as representative of the class of all chapters and affiliates of NEA-Alaska.

11.   Defendant National Education Association (NEA) is a labor union whose headquarters are located at 1201 16th Street NW, Washington, D.C. The NEA is affiliated with NEA-Alaska.

12.   Defendant Mantanuska-Susitna Borough School District is a school district located in Matanuska-Susitna Borough, Alaska. Its offices are located at 501 North Gulkana Street, Palmer, Alaska 99645. It is sued as representative of the class of all school districts in the state of Alaska.

13.   Defendants Jean M. Ward, Lee Holen, Tyler E. Andrews, Mila Cosgrove, Matthew McSorley, and Lon Needles are chair and board members of the Alaska Labor Relations Agency. Their offices are at 3301 Eagle Street #206, Anchorage, Alaska 99503. They are charged with enforcing the Alaska Public Employment Relations

Act, including the provisions in the Act that the plaintiffs are challenging as unconstitutional. *See, e.g.*, Alaska Stat. § 23.40.110(b)(1)–(2); Alaska Stat. § 23.40.225. They are sued in their official capacities.

## STATEMENT OF THE CLAIM—AGENCY-FEE PAYERS

14.  Ms. Crockett and Ms. McCollum are public-school teachers in the Mantanuska-Susitna Borough School District. Mr. Nees is a retired teacher who worked in the Anchorage School District for 28 years. They refused to join NEA-Alaska or its affiliates because they disapprove of their political advocacy and collective-bargaining activities and do not wish to support or subsidize them in any way.

15.  Even though Ms. Crockett, Ms. McCollum, and Mr. Nees were not members of NEA-Alaska or its affiliates, they were compelled to pay "agency fees" to the union as a condition of their employment. *See* Alaska Stat. § 23.40.110(b)(1)–(2) (allowing public employers to establish "union shop" or "agency shop" arrangements) (attached as Exhibit 1); Collective Bargaining Agreement Between the Matanuska-Susitna Education Association and the Matanuska-Susitna Borough School District, article XI, §§ 2–3 (compelling all teachers in the Matanuska-Susitna Borough School District to pay either union dues or "agency fees") (attached as Exhibit 2).

16.  This compelled subsidy violates the constitutional rights of Ms. Crockett, Ms. McCollum, Mr. Nees, and their fellow agency-fee payers. *See Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018).

17.  NEA-Alaska and its affiliates were acting under color of state law by imposing and collecting these "agency fees" from non-union members. *See* Alaska Stat. § 23.40.110(b)(1)–(2); *Lugar v. Edmondson Oil Co. Inc.*, 457 U.S. 922 (1982).

18.  NEA-Alaska and its affiliates have committed the torts of conversion and trespass to chattels by appropriating the money of Ms. Crockett, Ms. McCollum, Mr.

Nees, and their fellow agency-fee payers without their consent. NEA-Alaska cannot defend its tortious conduct by relying on Alaska Stat. § 23.40.110(b)(1)–(2), because this statute is unconstitutional to the extent it purports to shield NEA-Alaska's compelled extraction of money from non-union members. Unconstitutional statutes cannot confer immunity on tortious conduct.

19.  The collective-bargaining agreement negotiated between the Matanuska-Susitna Education Association and the Matanuska-Susitna Borough School District promises that the union "will indemnify and hold the Matanuska-Susitna Borough School District, together with its Board members, administrators, officers, agents, and employees harmless from any claim of any nature connected with or arising out of the implementation of an agency shop arrangement, whether such claims are initiated by teachers or by any other persons." Collective Bargaining Agreement Between the Matanuska-Susitna Education Association and the Matanuska-Susitna Borough School District, article XI, § 3(B) (attached as Exhibit 2).

20.  Ms. Crockett, Ms. McCollum, and Mr. Nees are suing on behalf of all non-union employees who were forced to pay "agency fees" to NEA-Alaska or its affiliates as a condition of their employment. The class includes everyone who has ever fallen within this definition, including former or retired teachers or teachers who have moved to other States, and it includes anyone who comes within the class definition at any time before the conclusion of this action.

21.  Ms. Crockett, Ms. McCollum, and Mr. Nees have Article III standing to bring these claims. They have suffered injury in fact because they were forced to pay money to the union against their will as a condition of employment. The injury was caused by the unconstitutional behavior of the defendants, and the injury will be redressed by a refund of the money that the union unconstitutionally extracted from the representative plaintiffs and their fellow class members.

## STATEMENT OF THE CLAIM—RELIGIOUS OBJECTORS

22.   Ms. Carman is a retired public-school teacher who most recently taught in the Anchorage School District. Ms. Carman, like Ms. Crockett, Ms. McCollum, and Mr. Nees, refused to join NEA-Alaska or its affiliates because she disapproved of their political advocacy and collective-bargaining activities and did not wish to support or subsidize them in any way.

23.   Nevertheless, Ms. Carman was compelled to pay "agency fees" even though she was unwilling to join or support the union. As a "religious objector," Ms. Carman paid her agency fees directly to the union, but the union was required to contribute an equal amount of money to a union-selected charity. *See* Alaska Stat. § 23.40.225.

24.   The accommodations that Alaska law offers to religious objectors such as Ms. Carman are inadequate and unconstitutional. Ms. Carman has a constitutional right to refrain from joining or lending financial support to a public-employee union, and she cannot be subject to any type of financial penalty for her decision, regardless of who ultimately collects the money.

25.   The compelled payments that were imposed on Ms. Carman and her fellow religious objectors violated their constitutional rights.

26.   NEA-Alaska and its affiliates were acting under color of state law by imposing these "agency fees" on religious objectors. *See* Alaska Stat. § 23.40.225; *Lugar v. Edmondson Oil Co. Inc.*, 457 U.S. 922 (1982).

27.   NEA-Alaska and its affiliates have committed the torts of conversion and trespass to chattels by appropriating the money of Ms. Carman and her fellow religious objectors without their consent. NEA-Alaska cannot defend its tortious conduct by relying on Alaska Stat. § 23.40.110(b)(1)–(2) or Alaska Stat. § 23.40.225, because these statutes are unconstitutional to the extent they purport to shield NEA-Alaska's compelled extraction of money from non-union members. Unconstitutional statutes cannot confer immunity on tortious conduct.

28. Ms. Carman is suing on behalf of all non-union religious objectors who were forced to pay "agency fees" to NEA-Alaska or its affiliates or a union-approved charity as a condition of their employment. The class includes everyone who has ever fallen within this definition, including former or retired teachers or teachers who have moved to other States, and it includes anyone who comes within the class definition at any time before the conclusion of this action.

29. Ms. Carman has Article III standing to bring her claims. She has suffered injury in fact because she was forced to pay money to the union against her will as a condition of employment. The injury was caused by the unconstitutional behavior of the defendants, and the injury will be redressed by a refund of the money that the union unconstitutionally extracted from Ms. Carman and her fellow class members.

## STATEMENT OF THE CLAIM—UNION MEMBERS

30. Ms. McKee is a public-school teacher in the Mantanuska-Susitna Borough School District, and she is a member of NEA-Alaska and the Matanuska-Susitna Education Association. Mr. Liston is a retired teacher who taught in the Haines Borough School District and was a member of NEA-Alaska and its local affiliate during his teaching career.

31. Ms. McKee and Mr. Liston have long opposed the union, but chose to remain only because they would have been forced to continue paying "agency fees" had they resigned, and the difference in money between the full membership dues and the "agency fees" would not have been worth the loss of their vote and whatever little influence they might have been able to exert in collective-bargaining matters. Ms. McKee intends to resign her union membership in the wake of the Supreme Court's ruling in *Janus.*

32.   The compelled subsidy that Ms. McKee, Mr. Liston, and their fellow school employees were forced to pay to NEA-Alaska as a condition of her employment violates their constitutional rights—regardless of whether they have chosen to remain in the union (as Ms. McKee and Mr. Liston have done) or resign their membership (as the agency-fee payers have done).

33.   NEA-Alaska and its affiliates were acting under color of state law by forcing school employees to pay these compelled subsidies as a condition of their employment. *See* Alaska Stat. § 23.40.110(b)(1)–(2); *Lugar v. Edmondson Oil Co. Inc.*, 457 U.S. 922 (1982).

34.   NEA-Alaska and its affiliates have committed the torts of conversion and trespass to chattels by appropriating money from Ms. McKee and Mr. Liston against their will. NEA-Alaska cannot defend its tortious conduct by relying on Alaska Stat. § 23.40.110(b)(1)–(2), because this statute is unconstitutional to the extent it purports to shield NEA-Alaska's compelled extraction of money from school employees. Unconstitutional statutes cannot confer immunity on tortious conduct.

35.   The collective-bargaining agreement negotiated between the Matanuska-Susitna Education Association and the Matanuska-Susitna Borough School District promises that the union "will indemnify and hold the Matanuska-Susitna Borough School District, together with its Board members, administrators, officers, agents, and employees harmless from any claim of any nature connected with or arising out of the implementation of an agency shop arrangement, whether such claims are initiated by teachers or by any other persons." Collective Bargaining Agreement Between the Matanuska-Susitna Education Association and the Matanuska-Susitna Borough School District, article XI, § 3(B).

36.   Ms. McKee and Mr. Liston are suing on behalf of all current and former NEA-Alaska members (and members of its affiliates) who would have quit or never joined the union had they not been forced to work in an unconstitutional agency

shop. The class includes everyone who has ever fallen within this definition, including former or retired teachers and teachers who have moved to other States, and it includes anyone who comes within the class definition at any time before the conclusion of this action.

37. Ms. McKee and Mr. Liston have Article III standing to bring these claims. They have suffered injury in fact because they were forced to pay money to the union against their will as a condition of employment. The injury was caused by the unconstitutional behavior of the defendants, and the injury will be redressed by a refund of the money that the union unconstitutionally extracted from the representative plaintiffs and their fellow class members.

## STATEMENT OF THE CLAIM—RIGHT TO NEGOTIATE OUTSIDE THE COLLECTIVE-BARGAINING AGREEMENT

38. Even though Ms. McCollum is not a member of NEA-Alaska or its affiliates, the law of Alaska and NEA-Alaska collective-bargaining agreements prevent Ms. McCollum from negotiating her own terms of employment with her school district. She remains bound to the terms of employment negotiated by a union that she does not belong to and wants nothing to do with—and she *must* accept this union as her exclusive representative whether she likes it or not. A regime that compels non-union teachers to accept the representation of a public-employee union that they oppose violates the First Amendment.

39. Although the Supreme Court has never gone so far as to hold that the Speech Clause requires public employers to permit non-union employees to negotiate outside the union, the *Janus* opinion repeatedly acknowledges that exclusive union bargaining abridges the associational freedom of individual employees. *See Janus*, 138 S. Ct. at 2460 ("Designating a union as the employees' exclusive representative substantially restricts the rights of individual employees."); *id*. at 2478 ("It is also not

disputed [in *Janus*] that the State may require that a union serve as exclusive bargaining agent for its employees—itself a significant impingement on associational freedoms that would not be tolerated in other contexts."). *Janus* also recognizes that collective bargaining in public education requires the union to stake out positions on controversial political issues—including merit pay for teachers, the role of seniority and tenure, how teachers should be evaluated, and political issues such as climate change and LGBT rights. *See id.* at 2474–77. So it is inevitable that individual employees will disapprove of the bargaining positions adopted by the exclusive representative, even when the representative is legally required to act on their behalf. Forcing a non-union teacher to accept the representation of an unwanted union—and forcing that non-union teacher to accept the union-negotiated terms of employment—violates the freedom of association protected by the First Amendment.

40.   Ms. McCollum vehemently disagrees with the union's insistence on pay scales and employment protections that value tenure and seniority over a teacher's performance. She believes that it wrong for schools to prefer more senior teachers over better-performing junior teachers in salary and layoff decisions. Ms. McCollum does not want to be represented by a union that does not share her values and that bargains for contracts that directly contradict her beliefs.

41.   NEA-Alaska's collective-bargaining activities also violate the antitrust laws. The provisions in collective-bargaining agreements that forbid school districts to pay teachers according to their performance and that require exceedingly low salaries for entry-level teachers and lateral hires are anti-competitive, and they cannot survive the rule of reason or any other standard of review.

42.   The so-called labor exemption that the Supreme Court has read into the antitrust laws protects only the collective-bargaining activities of private-sector unions, not public-employee unions such as NEA-Alaska. The Supreme Court has made clear that the labor exemption is derived from the federal labor statutes, which protect

collective bargaining only when it occurs in the private sector. *See* 29 U.S.C. § 152(2)–(3) (excluding public employers and public employees from the National Labor Relations Act); *Brown v. Pro Football Inc.*, 518 U.S. 231 (1996) ("The Court has implied this [labor] exemption from federal labor statutes, which set forth a national labor policy favoring free *and private* collective bargaining.") (emphasis added). There is no basis in any federal labor statute for exempting public-employee unions from the antitrust laws, as federal labor law is entirely agnostic on whether or to what extent public employees should be allowed to unionize.

43. Even if public-employee unions could assert immunity from the antitrust laws in other contexts, there is no reason to interpret the antitrust laws in a manner that exempts collective bargaining for public-school teachers. The teaching profession is especially ill-suited for collective bargaining because there are vast differences among individual teachers in ability, skills, work ethic, subject-matter expertise, educational backgrounds, and job opportunities. This aggravates the anti-competitive harms that arise when collective-bargaining agreements compensate teachers according to union-imposed pay scales rather than the laws of supply and demand.

44. Ms. McCollum is suing on behalf of a class of all non-union teachers in Alaska who want to negotiate their own terms of employment outside the union's collective-bargaining agreements. The class includes anyone who comes within this definition before the conclusion of this action.

45. Ms. McCollum has Article III standing to bring these claims. She has suffered injury in fact because she is unable to negotiate her own terms of employment and is forced to accept an unwanted union as her bargaining representative. The injury is caused by the defendants' behavior, and the injury will be redressed by an injunction that permits non-union teachers to negotiate their own terms of employment with school districts.

# CAUSES OF ACTION

46.   The plaintiffs are suing all of the defendants under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, each of which supplies a cause of action for the individual and class-wide relief that they are requesting.

47.   The plaintiffs are also suing NEA-Alaska, its chapters and affiliates, and the school districts under the federal antitrust laws, as well as the state-law actions of conversion, trespass to chattels, replevin, unjust enrichment, restitution, and any other legal or equitable cause of action that offers relief for this unlawful seizure of their personal property. The plaintiffs invoke the supplemental jurisdiction of this court over those state-law claims. *See* 28 U.S.C. § 1367.

# DEMAND FOR RELIEF—AGENCY-FEE PAYERS

48.   Ms. Crockett, Ms. McCollum, and Mr. Nees respectfully request that the court:

 a. certify a class of all individuals who have opted out of NEA-Alaska membership but were compelled to pay "agency fees" as condition of their employment;

 b. declare that Ms. Crockett, Ms. McCollum, Mr. Nees, and their fellow class members have a constitutional right to decline to join or financially support a public-employee union, and that they cannot be penalized or forced to pay money to the union or a third-party organization as a consequence for exercising this constitutional right;

 c. declare that state tort law protects the right of Ms. Crockett, Ms. McCollum, Mr. Nees, and their fellow class members not to have their wages garnished or redirected by NEA-Alaska or by their employers without their affirmative, written, and freely given consent, and that any state or federal law or collective-bargaining agreement that purports to override these protections of state tort law by allowing NEA-Alaska to

Case 3:18-cv-00179-JWS   Document 1   Filed 08/02/18   Page 13 of 22

help itself to the wages and paychecks of school employees—or that compels school employees to consent the garnishment of their wages by NEA-Alaska as a condition of their employment—is unconstitutional and without legal effect;

d.  declare Alaska Stat. § 23.40.110(b)(1)–(2) unconstitutional because it allows public-employee unions to extract "agency fees" from nonmembers;

e.  declare that all collective-bargaining agreements that compel Ms. Crockett, Ms. McCollum, or their fellow class members to pay "agency fees" to a union (or to a third-party organization) violate the constitutional rights of Ms. Crockett, Ms. McCollum, and their fellow class members;

f.  order NEA-Alaska, along with its affiliates and chapters, including the National Education Association, to repay any and all "agency fees" that they unconstitutionally extracted from Ms. Crockett, Ms. McCollum, Mr. Nees, and their fellow class members, along with pre-judgment and post-judgment interest;

g.  permanently enjoin NEA-Alaska, along with its affiliates and chapters, as well as their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from taking or redirecting any type of money from Ms. Crockett, Ms. McCollum, and their fellow non-union members without first obtaining their affirmative, written, and freely given consent;

h.  permanently enjoin the Mantanuska-Susitna Borough School District and every school district in the State from deducting "agency fees" or any type of union-related payments from the paychecks of non-union members;

i.   permanently enjoin the Mantanuska-Susitna Borough School District and every school district in the State from deducting any union-related payments from the paycheck of any school employee unless the employee has "clearly and affirmatively consented" to that payroll deduction by providing a signed, written authorization to the school district for the specific payment to the union and the specific dollar amount;

j.   permanently enjoin the Mantanuska-Susitna Borough School District and every school district in the State from entering into any collective-bargaining agreement that allows a public-employee union to collect or redirect any type of money from a non-union member, or that allows a public-employee union to collect or redirect any type of money from a school employee unless the employee has "clearly and affirmatively consented" to that payroll deduction by providing a signed, written authorization to the school district for the specific payment to the union and the specific dollar amount;

k.   permanently enjoin all of the defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing Alaska Stat. § 23.40.110(b)(1)–(2), or any other provision of Alaska law or any provision of a collective-bargaining agreement or any order of the Alaska Labor Relations Agency that requires the payment of money as a consequence for exercising one's constitutional right not to join or financially support a public-employee union, regardless of whether that compelled payment of money is received by the union or diverted to a third-party organization;

l.   award costs and attorneys' fees under 42 U.S.C. § 1988;

m.   grant all other relief that the Court deems just, proper, or equitable.

Case 3:18-cv-00179-JWS   Document 1   Filed 08/02/18   Page 15 of 22

## DEMAND FOR RELIEF—RELIGIOUS OBJECTORS

49. Ms. Carman respectfully requests that the court:

    a.   certify a class of all religious objectors who opted out of NEA-Alaska membership but were compelled to pay "agency fees" as condition of their employment, regardless of whether those fees were received by the union or a third-party charitable organization;

    b.   declare that Ms. Carman and her fellow class members have a constitutional right to decline to join or financially support a public-employee union, and that they cannot be penalized or forced to pay money to the union or a third-party organization as a consequence for exercising this constitutional right;

    c.   declare that state tort law protects the right of Ms. Carman and her fellow class members not to have their wages garnished or redirected by NEA-Alaska or by their employers without their affirmative, written, and freely given consent, and that any state or federal law or collective-bargaining agreement that purports to override these protections of state tort law by allowing NEA-Alaska to help itself to the wages and paychecks of school employees—or that compels school employees to consent the garnishment of their wages by NEA-Alaska as a condition of their employment—is unconstitutional and without legal effect;

    d.   declare Alaska Stat. § 23.40.225 unconstitutional because it imposes a financial penalty on those who exercise their constitutional right not to join or financially support a public-employee union;

    e.   declare that all collective-bargaining agreements that compel Ms. Carman and her fellow class members to pay "agency fees" to a union or to a third-party organization violate the constitutional rights of Ms. Carman and her fellow class members;

Case 3:18-cv-00179-JWS   Document 1   Filed 08/02/18   Page 16 of 22

f.     order NEA-Alaska, along with its affiliates and chapters, including the National Education Association, to repay any and all "agency fees" that they unconstitutionally extracted from Ms. Carman and her fellow religious objectors, regardless of whether the union kept those fees for itself or remitted them to a charitable organization, along with pre-judgment and post-judgment interest;

g.     permanently enjoin NEA-Alaska, along with its affiliates and chapters, as well as their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from taking or redirecting any type of money from Ms. Carman and her fellow class members without first obtaining their affirmative, written, and freely given consent;

h.     permanently enjoin the Mantanuska-Susitna Borough School District and every school district in the State from deducting "agency fees" or any type of union-related payments from the paychecks of non-union members;

i.     permanently enjoin the Mantanuska-Susitna Borough School District and every school district in the State from deducting any union-related payments from the paycheck of any school employee unless the employee has "clearly and affirmatively consented" to that payroll deduction by providing a signed, written authorization to the school district for the specific payment to the union and the specific dollar amount;

j.     permanently enjoin the Mantanuska-Susitna Borough School District and every school district in the State from entering into any collective-bargaining agreement that allows a public-employee union to collect or redirect any type of money from a non-union member, or that allows a public-employee union to collect or redirect any type of money from a

school employee unless the employee has "clearly and affirmatively consented" to that payroll deduction by providing a signed, written authorization to the school district for the specific payment to the union and the specific dollar amount;

k. permanently enjoin all of the defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing Alaska Stat. § 23.40.225, or any other provision of Alaska law or any provision of a collective-bargaining agreement or any order of the Alaska Labor Relations Agency that requires the payment of money as a consequence for exercising one's constitutional right not to join or financially support a public-employee union, regardless of whether that compelled payment of money is received by the union or diverted to a third-party organization;

l. award costs and attorneys' fees under 42 U.S.C. § 1988;

m. grant all other relief that the Court deems just, proper, or equitable.

## DEMAND FOR RELIEF—UNION MEMBERS

50. Ms. McKee and Mr. Liston respectfully request that the court:

a. certify a class of current and former NEA-Alaska members (and members of its affiliates) who would have quit or never joined the union had they not been forced to work in an unconstitutional agency shop;

b. declare that Ms. McKee, Mr. Liston, and their fellow class members have a constitutional right to decline to join or financially support a public-employee union, and that they cannot be penalized or forced to pay money to the union or a third-party organization as a consequence for exercising this constitutional right;

c.  declare that state tort law protects the right of public employees not to have union-related payments garnished or redirected from their paychecks as a condition of their employment, and that any state or federal law or collective-bargaining agreement that purports to over-ride these protections of state tort law by allowing NEA-Alaska to garnish the wages and paychecks of school employees—or that com-pels school employees to consent the garnishment of their wages by NEA-Alaska as a condition of their employment—is unconstitutional and without legal effect;

d.  declare that NEA-Alaska, its affiliates, and the school districts have committed the torts of conversion and trespass to chattels by forcing Ms. McKee, Mr. Liston, and their fellow class members to pay at the least the amount of "agency fees" to NEA-Alaska and its affiliates as a condition of their employment, and that they are liable to refund this money in an action for tort, replevin, unjust enrichment, and res-titution;

e.  declare Alaska Stat. § 23.40.110(b)(1)–(2) unconstitutional because it allows public-employee unions to extract "agency fees" from non-members, and permanently enjoin the defendants, and all of their of-ficers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing Alaska Stat. § 23.40.110(b)(1)–(2);

f.  order NEA-Alaska and its affiliates, including the National Education Association, to provide a refund to every union member in the class represented by Ms. McKee and Mr. Liston, in an amount equal to the "agency fees" that the class members were forced to pay regardless of whether they retained or resigned their union membership;

g. permanently enjoin NEA-Alaska, along with its affiliates and chapters, as well as their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from taking or redirecting any type of money from the plaintiffs and their fellow class members as a condition of their employment and without first obtaining the employee's affirmative, written, and freely given consent;

h. declare that all provisions in collective-bargaining agreements that compel employees to pay money to a union as a condition of their employment violate the Constitution and cannot be enforced;

i. permanently enjoin the Mantanuska-Susitna Borough School District and every school district in the State from deducting union-related payments from the paychecks of employees without first securing the employee's affirmative, written, and freely given consent to the specific union-related payment and to the specific dollar amount of that payment;

j. permanently enjoin Mantanuska-Susitna Borough School District and every school district in the State from entering into any collective-bargaining agreement that permits a public-employee union to collect or redirect any type of money from any school employee without first securing the individual employee's affirmative, written, and freely given consent to the specific union-related payment and to the specific dollar amount of that payment;

k. award costs and attorneys' fees under 42 U.S.C. § 1988;

l. grant all other relief that the Court deems just, proper, or equitable.

51.   Ms. McCollum respectfully requests that the court:

    a.    certify a class of all non-union teachers in the state of Alaska who want to negotiate their own terms of employment with school districts apart from the union's collective-bargaining agreements;

    b.    declare that Ms. McCollum and her fellow class members have a constitutional right to reject NEA-Alaska's representation and negotiate their own salaries and terms of employment with public-school districts;

    c.    declare unconstitutional any state law that prevents Ms. McCollum or her fellow class members from rejecting NEA-Alaska's representation and negotiating their own salaries and terms of employment with public-school employers, and permanently enjoin the defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing those unconstitutional state laws;

    d.    declare unconstitutional any provision in any collective-bargaining agreement that prohibits school districts from negotiating outside the union with non-union employees or non-union job applicants, and permanently enjoin the defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing or complying with any such provision in a collective-bargaining agreement;

e.   declare that NEA-Alaska's collective-bargaining agreements are subject to federal antitrust scrutiny, and declare that provisions in collective-bargaining agreements that prohibit teachers from paying teachers according to their performance violate the antitrust laws;

f.   order NEA-Alaska and its affiliates to pay treble damages to teachers whose salaries have been pulled down by the union's collective-bargaining agreements;

g.   award costs and attorneys' fees;

h.   grant all other relief that the Court deems just, proper, or equitable.

Respectfully submitted.

JONATHAN F. MITCHELL*
Texas Bar No. 24075463
Mitchell Law PLLC
106 East Sixth Street
Suite 900
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

* *pro hac vice* application pending

Dated: August 2, 2018

 /s/ John B. Thorsness
JOHN B. THORSNESS
Alaska Bar No. 8211154
Clapp, Peterson, Tiemessen,
Thorsness & Johnson, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3442
(907) 272-9273 (phone)
(907) 272-9586 (fax)
jbt@cplawak.com

*Counsel for Plaintiffs and
the Proposed Class*